IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John P. Windfeldt,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>　　　　　Respondents. | No. CV 06-1701-PHX-EHC (ECV)<br><br>**ORDER** |

　　　　Pending before the Court is Magistrate Judge Voss' Report and Recommendation for dismissal of this action with prejudice for Petitioner's failure to present his constructive amendment claim to the state courts in his direct appeal. (Dkt. 39). Petitioner filed an objection to the Report and Recommendation (Dkt. 41) and numerous other motions: "Motion to Show Cause & Prejudice to Overcome State Procedural Default & Add to Answer of Magistrate" (Dkt. 40); (2) "Mo[tion] to Add and Fix Petition, and Then Some" (Dkt. 42); "Motion Amend Add Ground 2 Ineffective Counsel' to Habeas or Dismiss Habeas and Refile New Habeas, Since Petitioner is Still Under the 1 Year Filing Deadline" (Dkt. 43); "Motion to Not Dismiss Habeas, and Present Newly Damaging/Discovered Evidence" (Dkt. 44); "Motion for Evidentiary Hearing, Regarding Ineffective Counsel and/or Loss of Plea, and Detail Counsels Failure to Advise for Plea" (Dkt. 45); "Motion to Stay, and or Amend

1  This Habeas Petition & Short Evidentiary Hearing" (Dkt. 47); and "Motion to Rebut States
2  Ruling with Clear and Convincing Evidence and Evidentiary Hearing Request" (Dkt. 48).
3       In his Petition for Writ of Habeas Corpus (Dkt. 1), Petitioner raised only a single
4  ground for relief based upon constructive amendment.  As discussed in the Report and
5  Recommendation, this claim is procedurally defaulted for not having been raised at the state
6  court level.  Thus, having considered the Report and Recommendation of the Magistrate
7  Judge, and Petitioner's objection, the Court adopts the Magistrate Judge's analysis as it
8  relates to Petitioner's constructive amendment claim.
9       Petitioner now seeks leave to amend his original petition to add a second count for
10  ineffective assistance of counsel. (See Dkts. 42, 43, 47).  It appears that Petitioner raised the
11  issue of ineffective assistance of counsel at the state level, but did not properly present
12  ineffective assistance of counsel in his original habeas petition.  The Court finds good cause
13  for the amendment and will grant Petitioner 60 days from the date of this Order to file an
14  amended habeas petition that asserts his ineffective assistance of counsel claim.  Upon
15  Petitioner filing such an amended petition, and Respondents having the appropriate time to
16  respond, the Court will refer the matter back to the Magistrate Judge for an amended Report
17  and Recommendation. The Court will consider Petitioner's other pending motions when, and
18  if, an amended petition is filed.
19       Accordingly,
20       **IT IS ORDERED** that the discussion and analysis of Petitioner's constructive
21  amendment claim contained in Report and Recommendation (Dkt. 39) is **adopted**.
22       **IT IS FURTHER ORDERED** that Petitioner's claim for constructive amendment
23  is **denied** with prejudice.  Petitioner shall not raise this procedurally defaulted claim again.
24       **IT IS FURTHER ORDERED** that Petitioner's various motions seeking leave to
25  amend (Dkts. 42, 43, 47) are **granted** to the limited extent that these motions request leave
26  to amend to add a claim for ineffective assistance of counsel.
27       **IT IS FURTHER ORDERED** that within 60 days of this Order, Petitioner may file
28  an amended Petition asserting a claim for ineffective assistance of counsel.

1  **IT IS FURTHER ORDERED** that if Petitioner does not file an amended Petition
2  within 60 days, the Clerk shall dismiss Petitioner's Writ of Habeas Corpus (Dkt. 1) with
3  prejudice.
4  DATED this 18th day of October, 2007.

Earl H. Carroll
United States District Judge