**WO**                                                                                       HJ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John P. Windfeldt,       ) | No. CV 06-1701-PHX-EHC (ECV) |
|                          ) | |
|         Petitioner,      ) | **ORDER** |
|                          ) | |
| vs.                      ) | |
|                          ) | |
| Dora B. Schriro, et al., ) | |
|                          ) | |
|         Respondents.     ) | |
|                          ) | |

      Before the Court is a second Report and Recommendation (Dkt. 61) from Magistrate Judge Voss, which recommends denial of Petitioner's Amended Petition for Writ of Habeas Corpus. The Court previously adopted Magistrate Judge Voss' first Report and Recommendation (Dkt. 39), but granted Petitioner leave to file an amended petition because he had failed to allege ineffective assistance of counsel ("IAC") in his first. Petitioner filed an Amended Petition for Writ of Habeas Corpus (Dkt. 54) alleging that (1) his lawyer provided IAC when he failed to explain to Petitioner during plea negotiations that a second degree murder conviction can be based on a *mens rea* of extreme recklessness; and (2) that his lawyer failed to object to the inclusion of extreme recklessness in the jury instruction for second degree murder where the indictment alleged intentional or knowing conduct only. Respondents filed an Answer to Petitioner's Amended Petition for Writ of Habeas Corpus. (Dkt. 58). The second Report and

Recommendation recommends that Petitioner's Amended Petition be denied. Petitioner filed and Objection (styled "Reply to ECV's Report and Recommendation & Request for Evidentiary Hearing & Request for Appealability to 9th Circuit") (Dkts. 62, 63). Petitioner also filed a "Motion to Clarify Difference in Plea v. Risk of Trial Right Denied" (Dkt. 66).

The Court reviews *de novo* the portions of the Magistrate Judge's Report and Recommendation to which Petitioner has filed an objection. 28 U.S.C. § 636(b)(1)(C)("a judge of the court shall make a de novo determination of those portions of the report, ..., to which objection is made."); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). The district court is not required to review any issue that is not the subject of an objection. Schmidt v. Johnstone, 263 F. Supp. 2d 1219 (D. Ariz. 2003), citing Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court has reviewed *de novo* the entire record in this matter.

Petitioner's primary argument is that during plea negotiations, his lawyer failed to advise him that he could be convicted of second degree murder based on reckless conduct. As a result, Petitioner contends that he rejected an offer to plead guilty to negligent homicide, instead choosing to go to trial. Had he known that he could be convicted of second degree murder at trial based on reckless conduct, Petitioner claims that he would have accepted the plea agreement. The Supreme Court, in Hill v. Lockhart,[1] applied the right of effective assistance of counsel under Strickland v. Washington,[2] to the plea process. Thus, Petitioner had a right to make an informed decision on whether to plead guilty or go to trial. See Nunes v. Mueller, 350 F.3d 1045, 1052 (9th Cir. 2003). The Report and Recommendation concludes that even if

---

[1] Hill v. Lockhart, 474 U.S. 52, 57 (1985).

[2] Strickland v. Washington, 466 U.S. 668 (1984).

1 Petitioner's attorney rendered deficient performance, no prejudice resulted.[3]  The Court
2 does not agree that such a conclusion can be drawn from the current record.  Because
3 Petitioner has presented a colorable claim as to both prongs of Strickland, an evidentiary
4 hearing is necessary to give Petitioner an opportunity to (1) prove that his trial counsel
5 erroneously advised him; and (2) to show a "reasonable probability" that he would have
6 accepted the plea offer if properly advised. See Nunes, 350 F.3d at 1054.[4]

7     Accordingly,

8     **IT IS ORDERED** granting Petitioner's "Reply to ECV's Report and
9 Recommendation & Request for Evidentiary Hearing & Request for Appealability to 9th
10 Circuit" (Dkts. 62, 63) to the limited extent that it requests an evidentiary hearing.

11     **IT IS FURTHER ORDERED** setting an Evidentiary Hearing for **Thursday,**
12 **August 14, 2008, at 9:00 a.m.** with Petitioner to be personally present.  Petitioner shall
13 file with the Court a list of evidence and witnesses, if any, that will be introduced at the
14 hearing no later than July 31, 2008.

15     **IT IS FURTHER ORDERED** granting Petitioner's "Motion to Clarify
16 Difference in Plea v. Risk of Trial Right Denied" (Dkt. 66) to the extent that Petitioner's
17 clarifications will become part of the record in this matter.

18     **IT IS FURTHER ORDERED** deferring a ruling on the Report and
19 Recommendation (Dkt. 61) until after the Evidentiary Hearing.

---

[3] The Report and Recommendation does not resolve the first prong of the Strickland test; whether Petitioner's attorney rendered deficient performance.  There is, however, some evidence in the record supporting Petitioner's claim that he was not properly advised by his attorney that he could be convicted of second degree murder based on reckless conduct. Petitioner's own attorney essentially admits to deficient performance in an affidavit. Because the Arizona Supreme Court refused to consider the attorney's affidavit, there may be an exhaustion issue raised.  Respondents may, if they wish, provide further briefing on the exhaustion issue.

[4] When a colorable claim of IAC is presented, a district court should hold an evidentiary hearing. See e.g. Larry Gene Martin v. Mel Thomas, CV 98-02151-EHC, Dkt. 59 (Mandate of the Ninth Circuit reversing and remanding for an evidentiary hearing).

1 DATED this 19th day of June, 2008.

*Earl H. Carroll*
Earl H. Carroll
United States District Judge

- 4 -