IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John P. Windfeldt,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>　　　　Respondents. | No. CV 06-1701-PHX-EHC (ECV)<br><br>**ORDER** |

　　　　Before the Court is a second Report and Recommendation (Dkt. 61) from Magistrate Judge Voss, which recommends denial of Petitioner's Amended Petition for Writ of Habeas Corpus. The Amended Petition (Dkt. 54) alleges that Petitioner's trial counsel provided ineffective assistance of counsel ("IAC") by (1) failing to explain to Petitioner during plea negotiations that a second degree murder conviction can be based on a *mens rea* of extreme recklessness; and (2) failing to object to the inclusion of extreme recklessness in the jury instruction for second degree murder where the indictment alleged only intentional or knowing conduct. The Court held an evidentiary hearing on August 14, 2008, at which Petitioner and his trial counsel testified. The Court also received into evidence twenty-six exhibits. (See Dkt. 79).

　　　　The Court reviews *de novo* the portions of the Magistrate Judge's Report and Recommendation to which Petitioner has filed an objection. 28 U.S.C. § 636(b)(1)(C)("a judge of the court shall make a de novo determination of those portions of the report, ...,

to which objection is made."); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). The district court is not required to review any issue that is not the subject of an objection. Schmidt v. Johnstone, 263 F. Supp. 2d 1219 (D. Ariz. 2003), citing Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court has reviewed *de novo* the entire record in this matter and considered the August 14, 2008, testimony of Petitioner and his trial counsel, Bruce Blumberg.

Petitioner's primary argument is that during plea negotiations, his lawyer failed to advise him that he could be convicted of second degree murder based on reckless conduct. As a result, Petitioner contends that he rejected an offer to plead guilty to negligent homicide. Had he known that he could be convicted of second degree murder at trial based on reckless conduct, Petitioner claims that he would have accepted the plea agreement. Additionally, Petitioner contends that his trial counsel's failure to object to the jury instruction for second degree murder, which included reckless conduct among the culpable mental states, constituted IAC during trial.

**Alleged IAC During Plea Negotiations**

The Court first addresses Petitioner's pretrial IAC claim. In Hill v. Lockhart,[1] the Supreme Court applied the right of effective assistance of counsel under Strickland v. Washington,[2] to the plea process. To succeed in his claim, Petitioner must demonstrate (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See Nunes v. Mueller, 350 F.3d 1045, 1051-52 (9th Cir. 2003); Williams v. Taylor, 529 U.S. 362, 406, 146 L. Ed. 2d 389, 120 S. Ct. 1495 (2000) (internal cite omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In the context of a rejected plea, a petitioner must show a reasonable probability that but-for his

---

[1] Hill v. Lockhart, 474 U.S. 52, 57 (1985).

[2] Strickland v. Washington, 466 U.S. 668 (1984).

- 2 -

1 counsel's deficient performance, he would have accepted an offered plea agreement
2 instead of risking a trial.  See Nunes, 350 F.3d 1054-55.

3     At the August 14, 2008, evidentiary hearing, Petitioner's trial counsel, Bruce
4 Blumberg, testified that he "failed to advise [Petitioner] about the element of extreme
5 indifference to human life or extreme recklessness" as it pertained to the second degree
6 murder charge.  Mr. Blumberg testified that looking back on that failure, he "blew it" but
7 at the time did not advise Petitioner on that specific mental state for murder because "it
8 had never been charged as an extreme indifferent to human life case."  There is little
9 dispute among the parties that Mr. Blumberg's failure to advise Petitioner fell below an
10 objective standard of reasonableness.  Indeed, Mr. Blumberg himself admitted this much
11 at the August 14, 2008, hearing.  Thus, Petitioner has satisfied the first prong of the
12 Strickland test.

13     Petitioner, however, has not satisfied the second prong of Strickland.  The Court
14 has reconsidered the entire record, including the testimony offered at the August 14,
15 2008, evidentiary hearing.  Other than Petitioner's own statements, the objective evidence
16 demonstrates that Petitioner has consistently maintained his innocence throughout this
17 case.  His strategy at trial was to obtain a complete acquittal based on an accidental
18 discharge defense.[3]  It was a risky tactic and he was warned by his trial counsel and Judge
19 O'Toole that the jury could either accept his defense or reject it.  One of these warnings is
20 memorialized on the record during the settlement conference before Judge O'Toole:

21     THE COURT: Let me say this, I want you to both understand that the jury may

---

[3]Petitioner's statements that he "needed to accept responsibility for his actions" and "need[ed] to go to prison" are also inconsistent with the remainder of the record. Petitioner testified at the August 14, 2008, evidentiary hearing that he and his trial counsel had "contemplated that if [he] went to trial, probably the worst case scenario is [he] would lose for recklessness, reckless manslaughter and it's seven to 21."  During trial, however, Petitioner agreed with his attorney's strategy to stand on the second degree murder charge and not submit the lesser included offenses to the jury.  This risky all or nothing strategy is not consistent with a willingness to accept responsibility and serve time for the lesser included offenses, as he claims to have contemplated prior to trial.

- 3 -

>very well find you not guilty which would be in your mind the proper outcome, but the jury could just as easily find you guilty of second-degree murder. If they do that, you're going to be in prison for 10 to 22 years.
>
>DEFENDANT: A long time.

Petitioner may not have known that the jury could convict him based on reckless conduct, but nothing in the record suggests that he would have accepted the plea offer even if he had such knowledge.[4] Thus, the second prong of Strickland has not been satisfied.

**Alleged IAC Regarding the Second Degree Murder Instruction**

The Court has also reviewed the record as it pertains to Mr. Blumberg's failure to object to the second degree murder instruction. Even though Mr. Blumberg acknowledges that he did not object to the instruction, there was no basis for an objection. The indictment cited the statute and provided notice that Petitioner's guilt could have been established by proving any of the mental states set forth in the statute, including reckless conduct. Under Cole v. Arkansas, the clearly established Federal law, a criminal defendant has a Sixth Amendment right to be informed of the charges against him and such notice is provided by the charging document. Cole v. Arkansas, 333 U.S. 196, 201 (1948); Gautt v. Lewis, 489 F.3d 993, 1004 (9th Cir. 2000). In holding that there was no violation of Petitioner's right to notice of charges, the state court necessarily found that there was no IAC for failing to object because such an objection would have been groundless. See Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). Thus, the trial court's determination that the instruction was not erroneous resolved Petitioner's IAC claim, and was not contrary to, or an unreasonable application of clearly established Supreme Court law. Nor does any of the recently introduced evidence suggest the trial

---

[4] The disparity between Petitioner's actual sentence and the sentence offered in the plea bargain, while a relevant factor in this case, is not that large. Petitioner's counsel characterized the disparity as an "8 year mistake" during the evidentiary hearing. Nonetheless, Petitioner was aware that he could have been convicted of second degree murder at trial and was repeatedly advised of such possibility. Thus, Petitioner rejected the plea agreement with full knowledge of his true sentencing exposure and proceeded to trial believing that, if convicted, mitigating factors would reduce his actual sentence.

- 4 -

1  court's determination was based on an unreasonable determination of the facts in light of
2  the evidence presented in the State court proceeding.
3      Accordingly,
4      **IT IS ORDERED** adopting the Report and Recommendation (Dkt. 61).
5      **IT IS FURTHER ORDERED** that Petitioner's Amended Petition for Writ of
6  Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 54) is **DENIED** and **DISMISSED**
7  **WITH PREJUDICE**.
8      DATED this 1st day of October, 2008.

*Earl H. Carroll*
Earl H. Carroll
United States District Judge